IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JUNIOR HAROLD MORRIS,** ) | Civil Action No. 7:14-cv-00062 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **LAYTON LESTER,** ) | By: Hon. Michael F. Urbanski | |
| Respondent. ) | United States District Judge | |

Junior Harold Morris, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion to dismiss because the claims do not entitle Petitioner to habeas relief.

## I.

The Circuit Court of Greene County sentenced Petitioner to ten years' incarceration after a jury found him guilty of malicious wounding and abduction. The testimony at trial revealed that Petitioner and the victim, who used to be in an intimate relationship, travelled from Petitioner's home to a gas station. Petitioner testified that he was helping the victim by taking her to out-patient surgery at a local hospital when she attempted suicide in the gas station's bathroom. In contrast, the victim testified that Petitioner angrily forced her into a car at knife point, punched her, pulled her hair, threatened to "slice" her throat ear to ear, threatened to kill her, and ultimately stabbed her inside the gas station's bathroom where she attempted to hide from him. Petitioner's appeals to the Court of Appeals of Virginia and Supreme Court of Virginia were unsuccessful.

Petitioner filed a state habeas petition with the Supreme Court of Virginia, alleging multiple claims of ineffective assistance of counsel. After the respondent moved to dismiss the claims, Petitioner filed a motion to withdraw several of his claims. The Supreme Court of

Virginia granted Petitioner's motion to withdraw claims and granted the respondent's motion to dismiss the remaining claims as meritless.

Presently before the court is Petitioner's timely-filed habeas petition, in which Petitioner alleges two claims of ineffective assistance of counsel: counsel was ineffective by 1) not challenging the credibility of the victim's testimony, and 2) not objecting to the prosecutor's misstatement of medical evidence during closing argument. Respondent concedes that the instant claims have been presented to the Supreme Court of Virginia.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

2

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

The Supreme Court of Virginia dismissed Petitioner's claims of ineffective assistance of counsel based on the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[1] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a

---

[1] Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id.

3

"reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[2] Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner alleges in the first claim that counsel was ineffective by not using the victim's mental health records to challenge her credibility. Petitioner believed that the victim exhibited symptoms of post-traumatic stress and bipolar disorders during the offenses and, thus, argues counsel should have entered the victim's mental health records into evidence, probed the victim's "mental incapacities" during cross-examination, or obtained an expert opinion about the victim's mental state and reliability of her testimony. After considering this claim, the Supreme Court of Virginia held:

> The record, including the trial transcript, demonstrates that the trial court granted the Commonwealth's motion in limine and limited the introduction of the victim's mental health records to evidence regarding her previous suicide attempt and any medications she may have been taking on the day of the incident, issues which counsel explored during petitioner's testimony. Counsel therefore was prohibited by the court's ruling from admitting all of the victim's mental health records into evidence, exploring her mental health diagnoses and treatment, or calling an expert witness to opine as to the effects of any mental illness.

Morris v. Director DOC, No. 121975, slip op. at 2 (Va. May 14, 2013).

Petitioner alleges in the second claim that he was denied the effective assistance of counsel because counsel did not object to the prosecutor's misstatement of medical evidence in closing argument. Petitioner argued that the prosecutor told the jury that the victim sustained a six-centimeter deep knife wound and emphasized that the depth of the wound established the necessary elements of malicious wounding. In support of this claim, Petitioner cited the medical

---

[2] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether petitioner has satisfied the other prong. 466 U.S. at 697.

4

record, which indicates the victim sustained a two-centimeter skin laceration. The Supreme

Court of Virginia reviewed the record before rejecting this claim, stating:

> The record, including the trial exhibits and transcript, demonstrates that the Commonwealth's argument that petitioner drove a knife six centimeters into the victim's back was consistent with the medical records at trial, which showed the victim received trauma with a knife that penetrated six centimeters into her back. As the statements petitioner asserts counsel should have challenged occurred during closing arguments, counsel had no further opportunity at trial to question a medical records representative.

Id. at 3.

The Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. The Circuit Court allowed "any reference to the [victim's] purported suicide attempt . . . as part of the defense theory that the reason why the [Petitioner] took certain actions . . . [during] the incident [was] because of his concern about [a suicide attempt]." Tr. 153:5-10. The Circuit Court deemed an exploration of the victim's emotional illness and treatments as irrelevant, except for medications used on the day of the incident because the medications could have affected the victim's ability to remember and describe the incident. Id. 153:16-24. During direct examination, counsel elicited Petitioner's testimony about the victim's "mental condition," alleged suicide attempt during the incident, prior suicide attempts, and depression. Consequently, counsel was not deficient because his questions revealed as much about the victim's medical conditions as allowed by the Circuit Court.

As to the prosecutor's description of the wound, Petitioner failed to establish deficient performance or prejudice. The closing argument was not evidence, and the jury was instructed to reach a verdict based on the evidence presented at trial, including the victim's medical record. Furthermore, the medical record references a six-centimeter deep stab wound and a two-

5

centimeter laceration, and thus, the record supported the prosecutor's statement. Moreover, the jury concluded, regardless to the depth of the wound, that Petitioner "stabbed, cut, or wounded" the victim with the intent to "maim, disfigure, disable, or kill" based on the victim's testimony that Petitioner punched her, pulled her hair, threatened to "slice" her throat ear to ear, and threatened to kill her before stabbing her in the back.[3]  Accordingly, Petitioner failed to establish counsel's deficient performance or resulting prejudice.

## III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: July 18, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[3] Indeed, the Court of Appeals of Virginia and the Supreme Court of Virginia determined on direct appeal that the evidence was sufficient to sustain the malicious wounding conviction without referencing the depth of the wound. See, e.g., Morris v. Commonwealth, No. 2074-10-2, slip op. at 2-3 (Va. Ct. App. July 20, 2011). Virginia Code § 18.2-51 [Shooting, stabbing, etc., with intent to maim, kill, etc ] states:
> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony.

The Supreme of Virginia defines malice as:
> [T]he intentional doing of a wrongful act without legal justification or excuse, or as the result of ill will. Malice and the specific intent to maim, etc., may be evidenced by words or inferred from acts and conduct under the rule that a person is presumed to have intended the natural and probable consequences of his voluntary act.

Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969) (citing Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947)).

6